Upon review of the competent evidence of record with respect to the errors assigned, and finding no good grounds to receive further evidence or rehear the parties or their representatives, the Full Commission, upon reconsideration of the evidence, affirms the Decision and Order of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. At all times relevant to this claim, Kenneth Lassiter was acting within the course and scope of his employment with defendant, an agency of the State of North Carolina.
2. A medical report dated 11 September 1991, marked as Stipulated Exhibit Number One, is admitted into evidence.
3. A document entitled Problem List, marked as Stipulated Exhibit Number Two, is admitted into evidence.
4. A document entitled Heath Screening, marked as Stipulated Exhibit Number Three, is admitted into evidence.
5. A document entitled Chronic Disease Flow Chart, marked as Stipulated Exhibit Number Four, is admitted into evidence.
6. A set of plaintiff's medical records, marked as Stipulated Exhibit Number Five, is admitted into evidence.
7. A document entitled Accident Report, marked as Stipulated Exhibit Number Six, is admitted into evidence.
8. Defendant's Responses to Plaintiff's Interrogatories, marked as Stipulated Exhibit Number Seven, are admitted into evidence.
9. A set of documents relating to co-payments plaintiff made for medical treatment, marked as Stipulated Exhibit Number Nine, are admitted into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. In November 1995, plaintiff was housed in a correctional facility in Oklahoma. On 28 November 1995, defendant transferred plaintiff back to North Carolina so that he could attend his father's funeral. Plaintiff was transported to North Carolina in a passenger van with eight other inmates. The van was driven by Sergeant Lassiter and another corrections officer. A sedan operated by two other corrections officers accompanied the van on the trip from Oklahoma to North Carolina.
2. In accordance with defendant's policies, all inmates, including plaintiff, were restrained by seat belts throughout the trip from Oklahoma to North Carolina.
3. At the time that the vehicles arrived in Raleigh, North Carolina, the van, which was being operated by Sergeant Lassiter, was following the sedan. The two vehicles came to a stop at a traffic light. When the light turned green in favor of the sedan, the sedan began to enter the intersection. As the sedan entered the intersection, the van also began moving. The sedan then stopped suddenly. Sergeant Lassiter was looking to his left when the sedan stopped. As a result, Sergeant Lassiter was unable to stop the van before its front bumper struck the rear of the sedan. At the time the van struck the sedan, the van was traveling approximately five miles per hour.
4. After the van struck the sedan, Sergeant Lassiter and the other corrections officers asked the inmates if they had been injured. All of the inmates responded negatively.
5. The van sustained approximately $300.00 worth of damage as a result of the accident. The sedan sustained no damage. After the accident the sedan and van proceeded to Central Prison. Each of the inmates was asked again if they had been injured in the collision. Each responded negatively again.
6. On 29 November 1995, plaintiff was transferred to Johnston Correctional Center. Upon arriving at Johnston Correctional Center, plaintiff underwent a health screening. Plaintiff did not report having any health problem. He did report that he required a special, low cholesterol diet.
7. Plaintiff testified that he was asleep when the van struck the sedan. He further testified that he was not restrained by a seat belt, the force of the collision caused his head to strike the seat in front of him and that he then fell to the van floor. Plaintiff testified that since the accident, he has experienced neck and back pain that have interfered with his ability to play Ping-Pong. He also testified that his has knee pain from where his knees struck the seat in front of his seat. After the accident on 28 November 1995, plaintiff made periodic sick call requests. When examined as a result of those sick call requests, plaintiff complained of experiencing neck and back pain. Plaintiff received prescriptions for anti-inflammatory medications. He was also provided with a bottom bunk and an extra mattress. However, plaintiff had no objective symptoms of having sustained a back or neck injury. An x-ray taken on 11 March 1996 was negative.
8. In 1989, plaintiff was in an automobile collision that caused him to experience back pain. In September 1991, plaintiff reported to defendant that he continued to experience back pain as a result of the 1989 automobile collision.
9. The Deputy Commissioner, having heard the testimony and observed the demeanor of each of the witnesses, did not accept as credible plaintiff's testimony that he was not restrained by a seat belt at the time of the accident on 28 November 1995. The Full Commission declines to overrule the Deputy Commissioner's credibility determination in this case. As plaintiff was restrained by a seat belt at the time of the collision, he could not have struck the seat in front of him and could not have fallen to the van floor as a result of the accident.
10. The Deputy Commissioner did not accept as credible plaintiff's testimony that he experienced back pain after the accident. The Full Commissioner declines to overrule this credibility determination. When asked immediately after the incident whether he was injured, plaintiff responded negatively. When he received a medical screening upon his arrival at Johnston Correctional Center, plaintiff denied having any medical problem. Plaintiff's testimony that he was preoccupied with his father's death and funeral at the time of the health screening is not credible, considering also the fact that plaintiff reported during the screening that he required a low cholesterol diet.
11. As plaintiff's testimony was not credible, the evidence of record is insufficient to prove by its greater weight that plaintiff sustained any damage as a result of the accident on 28 November 1995.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff was not injured as a result of the accident on 28 November 1995.
2. Plaintiff sustained no damage as a result of the negligence of any employee of defendant.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DISMISSED.
2. Each party shall bear its own costs.
 S/_________________________ RENÉE C. RIGGSBEE COMMISSIONER
CONCURRING:
S/______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/______________________ BERNADINE S. BALLANCE COMMISSIONER